IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA HACKLER,<br>*on behalf of himself and those*<br>*similarly situated*;<br><br>    Plaintiff,<br><br>v.<br><br>PROFORM GROUP, INC.;<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-24-127-GLJ<br>)          _____<br>)<br>)  **COMPLAINT - CLASS ACTION**<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Joshua Hackler ("Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Proform Group, Inc. ("Defendant" or "PGI"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant, his employer for WARN Act purposes.

2. Defendant operates a manufacturing plant located at 104400 Don Cayo Dr., Muskogee, Oklahoma ("PGI Facility"), where Plaintiff and those he seeks to represent worked.

3. On or around March 13, 2024, Defendant abruptly made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating over 100 employees, including Plaintiff, at the PGI Facility.

4. On March 13, 2024, Plaintiff went to work as normal, and there was no indication that the company would be permanently closing that night. By the end of the day, at around 6:00 p.m., the employees received an e-mail, terminating their employment.

5. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by the Defendant on or around March 13, 2024 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

7. The effects of Defendant's unceremonious layoffs on the Muskogee, Oklahoma community cannot be understated. The community will bear the brunt of Defendant's transgressions.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below)

11. Plaintiff Joshua Hackler is a citizen of the United States and resident of Muskogee County, Oklahoma. Plaintiff Hackler was employed by Defendant at all relevant times at the PGI

Facility. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

12. Defendant Proform Group, Inc. is incorporated in Delaware, registered to do business in Oklahoma, with a corporate headquarters located in 4400 Don Cayo Drive, Muskogee, Oklahoma, 74403-9211. Defendant may be served via its registered agent, CT Corporation System, 1833 S Morgan Rd, Oklahoma City, OK 73128.

13. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

14. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 100 employees.

## FACTS

15. PGI runs a manufacturing facility in Muskogee, Oklahoma, manufacturing fuel tanks and fuel system modules for commercial military and school bus sectors.

16. Until March 13, 2024, upon information and belief, the PGI Facility was running business as usual and employees had no indication that Defendant intended to close its doors.

17. On or about March 13, 2024, Defendant informed all employees, including Plaintiff, at the PGI Facility, that the facility was closing down, and their jobs would be immediately terminated.

18. Plaintiff received an email at approximately 6:00 p.m., stating "We regret to inform you that Proform Group Inc. (the "Company") is closing its facilities effectively immediately.

Your employment is terminated as of today March 13, 2024. Please return all Company property (tangible or electronic) immediately. Any questions you may have should be directed to Gina Brooks. We thank you for your attention in this matter and wish you the best in your future endeavors."

19. Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

20. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

21. By failing to provide its affected employees who were temporarily or permanently terminated on or around March 13, 2024, with WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of March 13, 2024.

25. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied.  For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

    b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

    c. Plaintiff is a member of the class, and his claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

26. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only

individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101,** *et seq.*
**(WARN Act)**
**(*On behalf of Plaintiff and the putative class*)**

29. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

30. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

31. Plaintiff and those he seeks to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

32. The March 13, 2024, permanent layoffs of over 50 employees at the PGI Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

33. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the PGI Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as his home base, the place from which his work was assigned, and the place to which they reported for work.

34. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

35. On information and belief, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any written notice to the Oklahoma State Rapid Response Coordinator, or to the chief elected official of the local government within which the mass layoff was ordered. Upon information and belief, as of this filing, Defendant has still failed to provide the requisite notice. In fact, Muskogee Mayor Marlon Coleman stated to local news sources that Defendant did not provide the city any advance notice of the mass layoffs.

36. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about March 13, 2024.

37. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

38. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

39. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and his counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Respectfully submitted,

s/ *Dallas L.D. Strimple*
Dallas L.D. Strimple, OBA # 30266
INDIAN & ENVIRONMENTAL LAW GROUP, PLLC
233 South Detroit Ave, Suite 200
Tulsa, Oklahoma 74120

(918) 347-6169
(918) 948-6190 (facsimile)
dallas@iaelaw.com

J. Gerard Stranch, IV (TN Bar #23045)*
Michael C. Iadevaia (TN Bar # 41622)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss (WA Bar # 46971) *
Raina C. Borrelli (MN Bar #392127) *
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops (IN Bar #26386-49)*
Amina A. Thomas (IN Bar #34451-49)*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

\* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*